STATE OF RHODE ISLAND
KENT, SC

SUPERIOR COURT

LARRY MILDER AND LISA MILDER
PLAINTIFFS

V.

C.A. NO.: 08- 994

FARM FAMILY CASUALTY INSURANCE COMPANY
DEFENDANT

# COMPLAINT

## Parties

1. Plaintiff, Larry Milder is a citizen of the State of Rhode Island, currently residing in Warwick, Rhode Island.

2. Plaintiff, Lisa Milder is a citizen of the State of Rhode Island, currently residing in Warwick, Rhode Island (Larry Milder and Lisa Milder are collectively referenced herein as the "Milders").

3. Defendant, Farm Family Casualty Insurance Company ("Farm Family"), upon information and belief, is licensed to provide insurance in the State of Rhode Island, and is a subsidiary of the American National Insurance Company, a corporation duly organized and existing under the laws of the State of Texas.

## Jurisdiction

4. This Court has jurisdiction pursuant to R.I. Gen. Laws §§ 8-2-14 and 9-30-1, *et seq.*

KENT SUPERIOR COURT
FILED
08 JUL 23 PM 3: 40
DAVID E. PERRY, CLERK

TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

**Allegations to All Counts**

5. The Milders own farm property located at 846 Division Street, East Greenwich, Rhode Island as well as a house, out buildings and barn buildings located thereon (the "Division Street Property").

6. Subsequently, the Milders purchased farm property located at 1220 Ives Road, East Greenwich, Rhode Island (the "Ives Road Property").

7. In order to obtain insurance for the Division Street Property and the Ives Road Property, the Milders met with M. Earl Adams, III ("Adams"), an agent of Farm Family.

8. The Milders informed Adams of their intention to transition from the Division Street Property to the Ives Road Property (the Division Property and the Ives Property are collectively referenced herein as the "Properties"), and of their desire to ensure insurance coverage on the Properties during the transition period.

9. Adams recommended a Country Estate insurance policy by and through his principal, Farm Family.

10. The Milders relied on such representation to their detriment.

11. The Milders entered into a contract with Farm Family under which Farm Family would provide insurance to the Milders for the Properties, which are collectively defined there as a Country Estate with both residences being defined as the Farm Residences, from April 24, 2007 until April 24, 2008 (the "Insurance Policy").

12. At all relevant times hereto, the Milders have occupied and maintained the Division Street Property as part of transitioning their family farm to the Ives Road Property.

13. At all relevant times hereto, the Milders kept possessions and or belongings at the Division Street Property.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

14. In or about January of 2008, the Milders discovered that the pipes had frozen in the house located on the Division Street Property causing severe damage (the "Division Street Loss").

15. On or about January 10, 2008, the Milders notified Farm Family and/or Adams of the Division Street Loss (the "Division Street Claim").

16. At all times relevant hereto, the Policy was in force and effect, premiums had been paid, and the Milders had complied with the Policy provisions.

17. The Division Street Loss occurred during the Policy period.

18. On or about January 14, 2008, the Milders hired William N. L'Europa ("L'Europa") to assist the Milders as a public adjuster on the Property ("Division Street Property").

19. On or about January 16, 2008, Farm Family met with L'Europa at the Property to view the Division Street Loss.

20. On March 24, 2008, Farm Family sent the Milders a letter asking for the submission of additional documentation regarding the Division Street Loss (the "March 24th Letter").

21. Additionally, the March 24th Letter stated that Farm Family was investigating whether coverage would be provided due to clauses in the Insurance Policy regarding vacancy, and further stated as well that Farm Family had a report created regarding the Division Street Loss (the "Division Street Report").

22. The Milders submitted the documentation to Farm Family requested in the March 24th Letter.

23. On or about March 28, 2008, counsel for the Milders sent a letter to Adams requesting a copy of the Insurance Policy.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

24. Additionally, on March 28, 2008, counsel for the Milders sent a letter to Farm Family requesting a copy of the Division Street Report ("the March 28th Farm Family Letter").

25. Additionally, the March 28th Farm Family Letter informed Farm Family that the Milders were paying two mortgages and that Division Street Property could not be marketed until the Division Street Claim was resolved.

26. On March 31, 2008, the Milders received a response from Adams which stated that Adams would not forward the Milders a copy of the Insurance Policy.

27. On or about March 31, 2008, the Milders' counsel sent a letter to Farm Family requesting a copy of the Insurance Policy.

28. Finally, on or about May 1, 2008, the Milders' counsel received a copy of the Insurance Policy.

29. As of the date of filing of this Complaint, the Milders have yet to receive a copy of the Division Street Report.

30. Farm Family has failed and/or refused to adjust and/or otherwise review the Division Street Claim in a timely fashion.

31. Farm Family has failed and/or refused to respond to the Milders' requests for information regarding the Division Street Claim in a timely fashion.

32. The Milders have complied with all requests of Farm Family regarding the Division Street Claim in a timely fashion.

33. The Milders, upon consulting with Farm Family's agent and procuring the insurance policy specifically for a Country Estate, clearly informed Farm Family and its agent that the Milders were attempting to transition their family farm and sell the Division Street Property.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

34. As a result of Farm Family's failure and/or refusal to timely review the Division Street claim, and provide coverage, the Milders have been unable since January of 2008 to market and/or sell the Division Street Property for its fair market value.

35. The Milders repeatedly informed Farm Family of this situation and potentially adverse results that could follow.

36. Due to Farm Family's failure and/or refusal to adjust or otherwise review the Division Street Claim, the Milders have been unable to market the Division Street Property and as a result, a foreclosure proceeding has begun on the Division Street Property.

**Count I**
**Declaratory Judgment**

37. The Milders hereby re-allege and incorporate by reference Paragraphs 1 through 36 of their Complaint as if the same was set forth more fully herein.

38. A dispute has arisen pursuant to the terms and conditions of the Insurance Policy.

39. The legal relations of the parties need to be resolved such that the Milders request that a declaration enter having the force and effect of a final judgment as follows:

a. The Policy was in force and effect;

b. Farm Family breached their obligation under the Policy by failing to act in a timely fashion;

c. The Division Street Loss is a covered occurrence under the terms and conditions of the Policy;

d. Farm Family has breached the Insurance Policy by failing to provide coverage for the Division Damage;

e. The Milders are entitled to Judgment in an amount to compensate them for their Division Street Loss, fair rental value recovery, debris removal costs, and damages resulting from Farm Family's breach of contract; and

f. Such other relief as this Court deems necessary.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

**COUNT II**
**Breach of Contract**

40. The Milders hereby re-allege and incorporate by reference Paragraphs 1 through 39 of their Complaint as if the same was set forth more fully herein.

41. The Milders and Farm Family entered into a valid and enforceable contract.

42. The Milders have performed in accordance with the terms and conditions of the contract.

43. Farm Family has breached the contract.

44. As a result of said breach, the Milders have suffered damages as proven at trial.

WHEREFORE, the Milders request that judgment enter in an amount as proven at trial, plus interest, costs and attorneys' fees and such other relief as this Court deems appropriate and just.

**COUNT III**
**Breach of RI Gen Law § 9-1-33**

45. The Milders hereby re-allege and incorporate by reference Paragraphs 1 through 44 of their Complaint as if the same was set forth more fully herein.

46. An insurance policy exists between Farm Family and the Milders.

47. The Milders have made a claim under said policy.

48. Farm Family has knowingly refused payment of said claim in bad faith and without a reasonable basis in fact or law.

49. Farm Family has intentionally and/or recklessly failed to properly investigate the claim.

50. Farm Family has wrongfully and in bad faith failed to timely perform its obligations under the claim.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

51. The Milders have suffered damages as a result of Farm Family's failure to timely perform its obligations, investigate and/or pay the claim.

WHEREFORE, the Milders request that judgment enter in an amount as proven at trial for compensatory damages, and punitive damages, plus interest, costs, and attorneys' fees pursuant to R.I. Gen. Laws § 9-1-33 and such other relief as this Court deems appropriate.

Respectfully submitted,

Larry Milder and Lisa Milder

By their Attorneys,

W. Mark Russo (#3937)
Moshe S. Berman (#7678)
**FERRUCCI RUSSO P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778
mrusso@frlawri.com
mberman@frlawri.com

Dated: July 23, 2008

**Jury Demand**

The Plaintiffs, Larry Milder and Lisa Milder, hereby demand a trial by jury on all issues so triable.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT