UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LARRY MILDER and LISA        :
MILDER                       :
                             :
        v.                   :        C.A. No. 08-310S
                             :
FARM FAMILY CASUALTY         :
INSURANCE COMPANY            :

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion to Quash Subpoena and for Protective Order. (Document No. 7). Plaintiffs object and cross-move to compel Rule 26(a) disclosure. (Document No. 8). These Motions have been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72. A hearing was held on October 16, 2008. For the reasons summarized below, Defendant's Motion to Quash is DENIED and Plaintiffs' Cross-motion to Compel is GRANTED.

**Background**

This is an insurance claim dispute arising out of the freeze up of pipes and resulting water damage to a residential property owned by Plaintiffs. Defendant insured the property. Although the loss occurred in January 2008, Defendant has not formally approved or rejected Plaintiffs' claim. On March 24, 2008, Defendant advised Plaintiffs by a "reservation of rights" letter that "the investigation of this loss has revealed coverage questions regarding the occupancy of the building as it pertains to the water damage exclusion and a question of whether sufficient heat was being maintained in the building as it relates to freeze up losses." (Document No. 9-2 at p. 3). The letter also requested information regarding a tenant in connection with a vacancy clause in the policy. Id.

at p. 2. At the hearing, Defendant's counsel indicated that the requested information had not been produced by Plaintiffs.

**Discussion**

These discovery motions relate to a report prepared by Defendant's agent, Industrial Services Engineering, Inc. ("ISE"). Defendant indicates that "[d]uring the course of its investigation [it] retained the services of [ISE] to assist it in the investigation and in making a coverage determination." (Document No. 7 at p. 3). The existence of the ISE report was disclosed to Plaintiffs in Defendant's March 24, 2008 letter which advised as follows:

> In order to determine the cause and origin of the freeze up at 846 Division Street in East Greenwich, RI, Farm Family Insurance assigned ISE to investigate the loss to determine the cause and origin of the loss as well to determine if the heat was being maintained in the building. Their report shows strong evidence the home may not have been sufficiently heated prior to the loss.

Document No. 9-2 at p. 2.

Defendant contends that ISE is a consulting expert and its report was made in anticipation of litigation and thus is protected from discovery under Rule 26(b)(3), Fed. R. Civ. P. Plaintiffs counter that the ISE report was not prepared for Defendant in anticipation of litigation but rather in the normal course of Defendant's business in investigating and determining claims, and thus it is not work product. Alternatively, Plaintiffs contend they have a "substantial need" for the ISE report which overcomes the work product privilege. See Rule 26(b)(3), Fed. R. Civ. P.

The primary issue is whether the ISE report was "prepared in anticipation of litigation" and thus constitutes work product. Defendant bears the burden of establishing that the ISE report is work product. Yurick v. Liberty Mut. Ins. Co., 201 F.R.D. 465, 472 (D. Ariz. 2001). In the insurance claim context, the distinction between materials prepared in the ordinary course of

business and work product prepared in anticipation of litigation is often a moving target. The adjustment of insurance claims by its nature presents a possibility of litigation in many, if not most, claims involving a material loss. On the other hand, a significant part of an insurance company's ordinary course of business involves investigating insurance claims and making coverage and loss determinations. Courts have utilized a number of tests in applying Rule 26(b)(3) in this context. Upon review, I conclude that the better reasoned approach is that employed by Magistrate Judge Kravchuk of the District of Maine in S.D. Warren Co. v. Eastern Elec. Corp., 201 F.R.D. 280 (D. Me. 2001). In S.D. Warren, Judge Kravchuk held that "unless and until an insurance company can demonstrate that it reasonably considered a claim to be more likely than not headed for litigation, the natural inference is that the documents in its claim file that predate this realization were prepared in the ordinary course of business, i.e., the business of providing insurance coverage to insureds." Id. at 285. "'This approach realistically recognizes that at some point an insurance company shifts its activity from the ordinary course of business to anticipation of litigation, and no hard and fast rule governs when this change occurs.'" Id. (quoting State Farm Fire & Cas. Co. v. Perrigan, 102 F.R.D. 235, 238 (W.D. Va. 1984)).

Here, Defendant has not met its burden of establishing that the ISE report is work product. Defendant has made no particularized showing that it reasonably considered Plaintiffs' claim to be more likely than not headed for litigation when ISE prepared its report shortly after the loss in question. In its March 24, 2008 reservation of rights letter, Defendant advised that it "assigned ISE to investigate the loss to determine the cause and origin of the loss" and it had not, and still has not, made any final decision on the claim. See HSS Enterprises, LLC v. AMCO Ins. Co., No. C06-1485-JPD, 2008 WL 163669 at *4 (W.D. Wash. Jan. 14, 2008) ("insurance companies have a duty to

investigate, evaluate and adjust claims" and "the creation of documents during this process is part of the ordinary course of business"). In opposing Plaintiffs' Motion, Defendant candidly states that it retained ISE "during the course of its investigation...to assist it in the investigation and in making a coverage determination." (Document No. 7 at p. 3).

There is no reasonable basis before the Court to conclude that the ISE report was prepared and obtained in anticipation of litigation. Defendant argues that its belief that litigation was likely is well-founded because (1) the loss was "significant"; and (2) Plaintiffs had already engaged in "extensive litigation" about the property. (Document No. 10 at p. 7). Neither argument is persuasive. First, Defendant cites no authority for the proposition that the dollar amount of the loss by itself creates a reasonable belief that a claim is headed to litigation. If so, all documents prepared during the investigation and adjustment of large claims would automatically be subject to work product protection. The Rule 26(b)(3) analysis focuses not on the size of the claim but rather on whether the documents in question were in fact "prepared in anticipation of litigation." Second, the fact that Plaintiffs litigated a land use/zoning dispute with the Town and neighbors (see Duffy v. Milder, 896 A.2d 27 (R.I. 2006)) is irrelevant. An insured's past litigation history in other contexts is simply not instructive of whether an insurer reasonably anticipates litigation on a new and unrelated matter. Both of these arguments are a "stretch" and neither instructs as to whether Defendant reasonably considered that Plaintiffs' pending claim was more likely than not headed to litigation at the time ISE was "assigned to investigate" the claim.

For the foregoing reasons, Defendants' Motion to Quash and for Protective Order (Document No. 7) is DENIED and Plaintiffs' Motion to Compel Disclosure of the ISE report (Document No.

8) is GRANTED.  Defendant shall produce the ISE report to Plaintiffs within twenty (20) days of the date of this Order.  LR Cv 37(b).

SO ORDERED


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 21, 2008